ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 DENNIS DOWNEY,

    Defendant.
_____/

No. 18-20574

Hon. Avern Cohn

**Offense**: 18 U.S.C. § 875(c)
Interstate communication containing threat to injure a person

**Maximum Penalty:** Up to 5 years

**Maximum Fine:** Not to exceed $250,000

**Supervised Release:** Up to three years

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Dennis Downey and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to Count One of the Indictment, which charges him with transmitting any communication containing a threat to injure the person of another in interstate commerce, in violation of 18 U.S.C. § 875(c).

    B. **Elements of Offense**

    The elements of Count One are as follows:

    1. The defendant knowingly sent a message in interstate commerce;

    2. The message contained a true threat to injure the person of another; and

    3. The defendant transmitted the communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat.

    C. **Factual Basis for Guilty Plea**

    *The following facts are a sufficient and accurate basis for defendant's guilty plea*: On or about March 5, 2018, the defendant, who was in Wayne County, Michigan, Eastern District of Michigan, called

the office of Congresswoman Debbie Dingell in Washington D.C. The defendant asked the staff member who answered the phone if he could speak to the Congresswoman. The staff member told the Defendant she was not available. The defendant became agitated and wanted to know why Native American citizens had their Second Amendment rights taken away. Defendant began yelling into the phone and said that he doesn't need the right to own a gun because he will still gun down members of the highest level of the United States government and kill them all.

Defendant repeated that he will shoot and kill everyone at the highest level of the United States government including his representative and their staff members. He told the staff member that he was ready to kill "all of you." He repeated that he was willing to kill all of them and hung up the phone. Congresswoman Debbie Dingell is the defendant's representative.

Law enforcement was able to trace Defendant's call to an address in Southgate, Michigan. Defendant was at the address, arrested, and interviewed by law enforcement after waiving his Constitutional Rights. When it was explained to Downey that some of his statements were

taken as concerning and threatening to people, Downey responded "rightfully so."

Defendant acknowledges that he intentionally made the aforementioned statements for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat

2. **Sentencing Guidelines**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **10 - 16 months (the agreed range)**, as set forth on the attached worksheets. If the Court finds:

   1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

   2. That the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of

>> responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than the **agreed range**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **three years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of **$100.00** at the time of sentencing.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

Restitution is not applicable to this case.

4.  **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.  **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

## 6. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the agreed range, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least the bottom of the agreed range, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

## 7. Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached

worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 8. Collateral Consequences of Conviction

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

## 9. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

*[signature]*

Matthew Roth
Assistant United States Attorney
Chief, Major Crimes unit

Date: October 8, 2018

**By signing below, defendant acknowledges** that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

| | |
|---|---|
| *[signature]* Paul D. Muller<br>Paul D. Muller<br>Attorney for Defendant | *[signature]*<br>Dennis Downey<br>Defendant |
| 11/07/18<br>Date | 11-07-18<br>Date |

- 12 -