UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        Docket No. 18-20574

vs.                                  Honorable Avern Cohn

DENNIS DOWNEY,

                Defendant.
_____/

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

On November 7, 2018, Dennis Downey, age 42, tendered his guilty plea to the one-count Indictment pursuant to the terms of a written Rule 11 Plea Agreement. The Court accepted his guilty plea, the Rule 11 Plea Agreement was taken under advisement, and his state of detention was continued. Mr. Downey has been in continuous federal detention since his arrest on March 5, 2018.

The defense and the government agree that Mr. Downey has accepted responsibility for his commission of the offense of conviction, and that he is entitled to a two-level reduction in his offense level in accordance with U.S.S.G. §3E1.1 (a) Rule 11 Plea Agreement, Worksheet D.

The maximum term of imprisonment for transmitting a communication containing a threat to injure another person in interstate commerce in violation of 18 U.S.C. §875 (c) as charged in the Indictment is five years imprisonment. In the Rule 11 Plea Agreement, the parties calculate a total offense level of 12 and a criminal history category of I, which results in an advisory sentencing guideline range of 10-16 months custody.

## **Acceptance of Responsibility**

At the presentence interview on November 15, 2018, Defendant's written Version of Offense signed by him on that date was given by his attorney to Robert C. Luke, U.S. Probation Officer, for inclusion in the PIR. That document is set forth below in its entirety.

## DEFENDANT'S VERSION OF OFFENSE

I accept personal responsibility for my knowingly making a threatening telephone call on March 5, 2018, to the office of Congresswoman Debbie Dingle in Washington, D.C., as described in the Indictment and the factual basis for my guilty plea stated on Pages 2-4 of the Rule 11 Plea Agreement. I never could or would carry out such a threat to harm another person. I was emotionally anxious and upset when I made that telephone call from Wayne County, Michigan. I did not have a firearm or other dangerous weapon on March 5, 2018.

I urge the Court to consider my lengthy time in detention prior to sentencing when determining my just sentence and just punishment. I am sorry and remorseful for committing the crime and my previous criminal history. I pledge to the Court that this will be my last criminal conduct. I wish to provide emotional and financial support to my young daughter. I will engage in employment at my earliest opportunity in accordance with my emotional, medical and physical limitations. It is my goal and intention in the future to strive to be a productive and law-abiding member of my community. I will fully comply with all terms and conditions of my supervised release.

Respectfully submitted,

Dennis A. Downey, Jr.
Defendant

Dated: November 15, 2018

## Sentencing Argument and Recommendations

Post *Booker*, the district court's mandate at sentencing is to impose "a sentence sufficient, but not greater than necessary to comply with the purposes of §3553(a)." *United States v. Collington*, 461 F.3d 805,807 (6th Cir. 2006). It is also the responsibility of the court to fulfill "the core mission of the *Booker* remedial opinion by ensuring that it is exercising independent judgment in sentencing criminal defendants within statutory limits." *United States v. Buchanan*, 449 F.3d 731, 740 (Sutton, concurring) (6th Cir. 2006). In carrying out this responsibility, the Court must calculate the advisory guideline range and then "[throw] this ingredient into the Section 3553(a) mix." *United States v. McBride*, 434 F, 3d 470,476 (6th Cir. 2006).

The district court can and should also make independent assessments to support an individualized sentence determination. The Supreme Court held in *Rita v. United States* that the district courts can conclude that the guideline sentence fails to reflect 18 U.S.C. §3553(a) considerations, reflects an unsound judgment, does not treat the defendant's characteristics in the proper way, or that a different sentence is appropriate "regardless". 551 U.S. 338, 351, 357 (2007).

It has been argued for years that the Sentencing Guidelines have not fully implemented the statutory objectives of federal sentencing:

> ***Rita v. U.S.***, 551 U.S. 338, 364 (2007) (Stevens, J. and Ginsburg, J., concurring.) ("The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See USSG. Manual §§ 5H1.1-6, 11, and 12 (Nov. 2006). These are, however, matters that § 3553 (a) authorizes the sentencing judge to consider. See, *e.g.*, 18 U.S.C. § 3553 (a)(1))."
>
> "[I]t is fair to *assume* that the Guidelines, insofar as practicable, reflect a *rough approximation* of sentences that *might* achieve § 3553 (a)'s objectives." ***Id***. At 351 (majority opinion) (emphasis added). The sentencing judge may take into consideration that the Guidelines sentence should not apply "because the Guidelines sentence itself fails properly to reflect §3553 (a) considerations..." ***Id***. at 351.

### **Mitigating Sentencing Facts/ Circumstances**

Dennis A. Downey, Jr., is 42 years of age. He has never married and has a teenage daughter. He is a lifelong resident of southeastern Michigan. He has been mostly homeless since December 2015. He has no close relationships in his immediate family. He was physically abused as a child by both of his parents, each of whom are recently deceased. He is presently impoverished.

On April 30, 2018, Mr. Downey arrived at the Metropolitan Correctional Center (MCC) in Chicago, Illinois, to undergo a psychological forensic evaluation to determine his mental competency to proceed to

criminal adjudication predicated on whether he suffers from a severe mental disease or defect causing him to be unable to understand the legal proceedings or to properly assist his attorney in his defense. In his 11-page Forensic Report, dated July 9, 2018, David M. Szyhowski, Psy. D, Clinical Psychologist, concluded on Page 11 that "Mr. Downey presents with symptoms of a trauma-based disorder. However, he does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel." The Court, the United States Probation Office and counsel for the parties have copies of this report. Mr. Downey's history of medical and mental problems is discussed in detail therein.

In determining a fair, just, reasonable and "sufficient but not greater than necessary" sentence to comply with the purposes and factors set forth in 18 U.S.C §3553 (a), the Court should take into consideration Mr. Downey's physical and mental disabilities which significantly contributed to his commission of the offense of conviction. See, for example:

> *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009) (affirming downward variance of 43 months below the bottom of the guideline range based on defendant's combination of physical and mental disabilities).
>
> *United States v. Meyers*, 503 F.3d 676 (8th Cir. 2007) ("district court did not abuse its discretion in finding that a shorter period of incarceration, with mental health treatment and supervised release, is the most effective sentence").

6

During any period of incarceration and while on supervised release, Mr. Downey would appreciate the BOP or the government provide him treatment for his physical and mental conditions and disabilities. Upon his release, he will attempt to secure health insurance to the extent he is financially able to do so from the private sector or through public programs for which he is eligible.

## CONCLUSION

Based upon his timely acceptance of responsibility for all of his relevant criminal conduct, his genuine contrition and remorse for his commission of the instant offense, as well as the facts, circumstances and reasons stated above in mitigation of punishment, Dennis Downey respectfully requests that this Court, in its discretion, sentence him to confinement below the low end of the advisory guideline range the Court ultimately determines to be applicable. Such a sentence would be fair, just and "sufficient but not greater than necessary" to comply with the purposes and factors set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

s/Paul D. Muller
Attorney for Defendant
P.O. Box 606
Farmington, MI  48332
(248) 201-8216
pauldmuller@earthlink.net
P18064

Dated: December 5, 2018

## Certificate of Service

I hereby certify that on December 5, 2018, a copy of the foregoing document was served upon Matthew Roth, Assistant U.S. Attorney, by using the ECF system.

                                          s/Paul D. Muller
                                          Paul D. Muller